IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NED JOHNSON, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:04-cv-933-F |
| | ) | (WO) |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This cause is before the Court on Defendants' Motion to Reconsider filed on October 14, 2005 (Doc. # 34). Defendants request that the Court reconsider the portion of its Memorandum Opinion and Order finding that Plaintiff Ned Johnson, Jr. (hereinafter "Johnson") has established a *prima facie* case of discriminatory impact. Defendants first allege that the Court should not have considered Johnson's discriminatory impact claim because he did not allege discriminatory impact in his EEOC charge or in his Complaint. Second, Defendants allege that the *Reynolds* litigation cannot be cited by Johnson to prove that the use of supervisory experience as a qualification has significant discriminatory impact. Finally, Defendants allege that the supervisory experience requirement for the position of Equipment Maintenance Superintendent has been validated by the State Personnel Department. Defendants also note that there has been no showing that Defendants Morris and Griffin were in any way responsible for the decision to use supervisory experience as a minimum qualification.

Johnson filed a Memorandum Brief and Response in Opposition to Defendants' Motion to Reconsider on October 21, 2005 (Doc. # 40).  First, Johnson asserting that Defendants failed to raise any defenses regarding Johnson's disparate impact claim in support of its motion for summary judgment as required by Federal Rule of Civil Procedure 56.  Second, Johnson asserts that he sufficiently pled disparate impact based on the liberal notice pleading requirement associated with Title VII claims.  Third, Johnson states that he has complied with all EEOC pleading requirements.  Fourth, Johnson alleges that he has put forth sufficient evidence to establish a *prima facie* case of discriminatory impact.  Finally, Johnson claims that Defendants Griffin and Morris made decisions that had a disparate impact upon Johnson.

## I. Discussion

For the purposes of this Motion, the Court will assume, without deciding, that Johnson sufficiently alleged discriminatory impact in his EEOC charge to allow him to go forward with a discriminatory impact claim in the present case.

Defendants allege that the fact that the Defendant Alabama Department of Transportation (hereinafter "ALDOT") entered into a consent decree in the *Reynolds* litigation is not proof that the race discrimination alleged in that litigation took place. Therefore, it cannot be used as evidence to prove that the use of supervisory experience as a qualification has had a significant discriminatory impact.  That is, the fact that ALDOT entered into the *Reynolds* Consent Decree is not enough for Johnson to meet his burden of

proving a *prima facie* case of discriminatory impact. Defendants specifically cite the case of *Reynolds v. Roberts*, 202 F.3d. 1303 (11th Cir. 2000). In that case, the Eleventh Circuit stated that the absence of an express disclaimer of liability in the *Reynolds* Consent Decree "does not yield permissible inferences that the Department [ALDOT] admitted that its employment and promotion practices were discriminatory." *Id.* at 1317. The court further stated that "[a] defendant who consents to the entry of an injunction (or other form of judgment) does not *necessarily* agree that it has committed the wrongful acts alleged in the complaint." *Id*. at 1315. Thus, the Court finds that Johnson's citation of the *Reynolds* Consent Decree does not establish a *prima facie* case of discriminatory impact.

The next question is whether Johnson has put forth enough other evidence to establish a *prima facie* case. In order to establish a *prima facie* case of discriminatory impact, a plaintiff must show that there is a "legally significant disparity between (a) the racial composition, caused by the challenged employment practice, of the pool of those enjoying a job or job benefit; and (b) the racial composition of the qualified applicant pool." *In re Employment Discrimination Litigation Against the State of Alabama*, 198 F.3d 1305, 1312 (11th Cir. 1999). While Johnson has alleged that all of the fifteen current Equipment Maintenance Superintendents are white, he presents no evidence of the racial composition of the qualified applicant pool. Furthermore, the allegations he makes in his Opposition to Defendants' Motion to reconsider concerning breach of the *Reynolds* consent decree do not support a *prima facie* case of discriminatory impact. Therefore, Johnson has not presented

enough evidence to establish a *prima facie* case of discriminatory impact and summary judgment is due to be granted in favor of Defendants on his discriminatory impact claim.[1]

## II. Conclusion

For the reasons set forth above, it is hereby ORDERED that

1. Defendants' Motion to Reconsider (Doc. # 34) is GRANTED.

2. Defendants' Motion for Summary Judgment (Doc. # 11) is GRANTED as to all of Plaintiff's claims, including his claim of discriminatory impact.

3. The pretrial conference and trial previously scheduled in this action are CANCELED.

A separate final judgment will be entered in accordance with this Order.

DONE this 25th day of October, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has found that Johnson has not established a *prima facie* case of discriminatory impact, the Court need not address Defendants' claim that the supervisory experience qualification has been validated.